ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAY 29 PM 2: 24
CLERK _CAdams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TONYA MOSLEY-COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-033 |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

Plaintiff filed a charge of discrimination with the EEOC, alleging that she was discriminated against on the basis of her race, sex, and age, as a 47-year old African American female. (Doc. no. 1, p. 4).[1] She contends that on the morning of February 19,

---

[1] Plaintiff received notice of her right to sue in a letter dated April 1, 2009. (Doc. no. 1, pp. 4-5).

2008, she was performing her "usual daily routine" at the United States Post Office in Dublin, Georgia, when her supervisor, Joe Molewski, started "hollering and screaming" at her. (Id. at 9). She states that she ignored him at first, but his behavior continued. (Id.). Apparently, Mr. Molewski then directed Plaintiff to go to his office, and once she was there, he shouted at her, "Tonya, what's wrong with you? You seem out of it today." (Id.). Plaintiff maintains that she told him there was nothing wrong and left the office. (Id.). Mr. Molewski apparently followed Plaintiff back to her work station, "still hollering [and] screaming." (Id.). He then told her to leave the building and not to come back until her shift the next day. (Id.). Plaintiff states that she left work, but she received a call later that same day from Mr. Molewski, telling her not to return to work until February 22, 2008, and to bring a union representative when she did. (Id. at 9-10).

At the meeting on February 22, 2008, Mr. Molewski apparently asked Plaintiff why she behaved the way she had three days earlier, because according to Mr. Molewski, he had to ask her three times to report to her work station. (Id. at 10). Plaintiff denied this accusation and responded by stating that Mr. Molewski was acting hostile towards her. (Id.). After this exchange, Plaintiff's union representative asked why Plaintiff was "being kept off the clock," and Mr. Molewski stated that Plaintiff would not be able to come back to work until an investigation was done. (Id.). Plaintiff contends that this investigation was never done and was simply a ploy to keep her out of work. (Id.). She also complains that she was denied the mediation to which she contends she is entitled. (Id. at 11).

Plaintiff states that Mr. Molewski has acted in a similar manner towards other employees on several other occasions, though she does not provide any details regarding

2

these alleged encounters. (Id. at 10-11). Plaintiff is still employed with the United States Post Office, but she wants to be transferred to an office in Florida and re-instated as a "regular employee." (Id.). In addition, she requests $300,000 in damages for "undue suffering" and the "mental, physical, [and] emotional distress" she has endured. (Id. at 11).

## II. DISCUSSION

Liberally construing Plaintiff's allegations and giving her the benefit of all reasonable inferences from those allegations, she has failed to state a claim under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e *et seq*, or under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.[2] Although Plaintiff is apparently attempting to assert a claim for a hostile work environment, her allegations fall short of the mark. When asserting a claim for a hostile work environment, a plaintiff must show that: (1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory, abusive working environment; and (5) the employer was responsible for such environment under either a theory of vicarious or direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).[3]

---

[2] The Court is aware that Plaintiff is not required to plead the following causes of action with specificity; nonetheless, Plaintiff must provide enough information to give any named Defendant fair notice of the basis of her asserted claims. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002).

[3] Although the Eleventh Circuit has not specifically decided whether hostile work environment claims are actionable under the ADEA, it has implicitly recognized the viability of such claims and has analyzed them under the Title VII framework outlined in Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). See Hipp v. Liberty Nat'l

3

To begin, the Court liberally construes Plaintiff's allegations and assumes *arguendo* that Plaintiff's complaint establishes the first two requisite elements, as she has alleged that she is an African American female who experienced an unwelcome angry outburst from her supervisor and missed three days of work. However, Plaintiff has failed to put forth any evidence demonstrating that the alleged harassment or her temporary suspension was based on her race, gender, or age. See id. at 1275. Moreover, as is the case with many litigants attempting to assert a hostile work environment claim, Plaintiff has failed to establish that the harassment she experienced was "sufficiently severe or pervasive to alter the terms and conditions of [her] employment . . . ." Id. To establish this fourth element of a hostile work environment claim, a plaintiff must demonstrate that "the harassing conduct created both an objectively hostile or abusive environment-one that a reasonable person would find hostile-and a subjective[ly] hostile or abusive environment-one that the victim subjectively perceives to be abusive." Brantley v. City of Macon, 390 F. Supp. 2d 1314, 1324 (M.D. Ga. 2005) (internal quotations and citations omitted). When determining whether a work environment is sufficiently hostile under this standard, there are four general factors to be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the

---

Life Ins. Co., 252 F.3d 1208, 1245 n.80 (11th Cir. 2001) (holding that Plaintiffs did not satisfy the requirements for stating a hostile work environment claim "[a]ssuming hostile work environment claims are cognizable under the ADEA"); see also Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834 (6th Cir. 1996) ("[W]e find it a relatively uncontroversial proposition that such a (hostile environment) theory is viable under the ADEA."). In any event, the Court need not resolve this issue. For the same reasons that Plaintiff's race- and gender-based hostile work environment claim fails, her similar ADEA claim fails as well.

conduct unreasonably interferes with the employee's job performance." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 584 (11th Cir. 2000).

That said, the Supreme Court has stated that "simple teasing, offhand comments, and *isolated incidents* (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (emphasis added). Rather, the standard for asserting a hostile work environment claim is stringent and "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" Id. at 788 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)); see also Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 773 (4th Cir. 1997) ("Title VII is not a federal guarantee of refinement and sophistication in the workplace . . . ."); Carr v. Allison Gas Turbine Div., Gen. Motors Corp., 32 F.3d 1007, 1010 (7th Cir. 1994) ("[E]mployers are not under a legal duty enforceable by suits under Title VII to purify the language of the workplace."); Waite v. Blair, Inc., 937 F. Supp. 460, 468 (W.D. Pa. 1995) ("The mere fact that a work environment may prove to be intolerable to a particular employee does not necessarily implicate Title VII, since the civil rights laws do not guarantee a working environment free of stress."). Stated another way, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe to alter the conditions of the victim's employment and create an abusive working environment.'" Rojas v. Fla., 285 F.3d 1339, 1344 (11th Cir. 2002) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Here, Plaintiff has alleged that Mr. Molewski yelled at her on one day because he had to ask her three times to report to her work station, an accusation Plaintiff vehemently denies.

This is the only incident Plaintiff reports that she was subjected to, and the Court is not persuaded that an isolated incident of verbal reprimand meets the stringent standard necessary to state a claim for hostile work environment. Indeed, the Eleventh Circuit has noted that occasional yelling by a supervisor is not actionable harassment. See Bussell v. Motorola, Inc., 141 Fed App'x 819, 823 (11th Cir. 2005), *vacated by* 549 U.S. 801 (2006), *reinstated by* 228 Fed. App'x 832 (11th Cir. 2006). As stated by another court, "Title VII . . . does not operate as a general ban on yelling, swearing, screaming and other rude or offensive behavior." Paape v. Wall Data, Inc., 934 F. Supp. 969, 977 (N.D. Ill. 1996).

Furthermore, courts have found, using the Gupta factors listed above, that similar and even more extreme behavior than that reported by Plaintiff was insufficient to constitute a claim under Title VII. See Herawi v. State of Ala. Dep't of Forensic Scis., 311 F. Supp. 2d 1335, 1351 (M.D. Ala. 2004) (finding that yelling and other negative comments could not establish hostile work environment because such conduct was not sufficiently pervasive or severe); see also Hesse v. Avis Rent A Car Sys., Inc., 394 F.3d 624, 630 (8th Cir. 2005) (finding that "two years of frequent yelling" and other incidents were not sufficiently pervasive or severe); Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 243 (4th Cir. 1997) (determining that a plaintiff who alleged that her supervisor yelled at her and told others to ignore her and spy on her had not established a Title VII claim); Heba v. New York State Div. of Parole, 537 F. Supp. 2d 457, 468 (E.D.N.Y. 2007) (finding that while employer's angry outbursts were "inappropriate," they did not "constitute an environment of pervasive hostility and abuse"). Thus, the Court is not persuaded that the one angry

outburst reported by Plaintiff was so pervasive and severe so as to alter the terms and conditions of her employment.[4]

To the extent Plaintiff complains that Mr. Molewski criticized her job performance without justification or yelled at her unnecessarily, this allegation also fails to state a claim for a hostile work environment. As stated by one Georgia district court, "[j]ob performance criticism from a supervisor or manager is a common vicissitude of life in the working world, *even if harsh or unjustified.*" Pierri v. Cingular Wireless, LLC, 397 F. Supp. 2d 1364, 1380 (N.D. Ga. 2005) (emphasis added). Indeed, Title VII was not intended "to permit discrimination lawsuits predicated only on unwelcome day-to-day and assertedly unjustified negative evaluations." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1242 (11th Cir. 2001). Thus, the fact that an employee may have her feelings hurt by what she believes to be "unwarranted job criticism or performance review" generally does not give rise to an actionable claim under Title VII. Id. Here, despite Plaintiff's contention that Mr. Molewski's "screaming and hollering" at her on one occasion was unjustified, such behavior does not establish that Plaintiff was subjected to a hostile work environment.

Plaintiff describes only one angry outburst by Mr. Molewski, a single isolated incident. While the conduct Plaintiff allegedly experienced may be inappropriate in a working environment and may have been unjustified, neither Title VII nor the ADEA operate

---

[4] As noted above, Plaintiff has alleged that she was not allowed to work for three days in February 2008, an action which may have sufficiently altered the terms and conditions of her employment. However, as with her claim related to Mr. Molewski's angry outburst, Plaintiff has not put forth any evidence demonstrating that this temporary suspension was based on a protected characteristic (i.e. her race, gender, or age), and therefore this claim also fails. See Miller, 277 F.3d at 1275.

as "general civility code[s]" that ensure a workplace free of stress or criticism, justified or not. See Faragher, 524 U.S. at 788; Hipp, 252 F.3d at 1233. The Court is persuaded by the determinations of other courts to consider similar and more extreme behavior that the conduct Plaintiff has described is not so severe or pervasive so as to alter the terms and conditions of her employment and create a discriminatory, abusive working environment. Accordingly, even construing Plaintiff's allegations liberally, Plaintiff has failed to state a claim under Title VII or the ADEA.[5]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]Because Plaintiff has failed to establish that the alleged harassment was based on a protected characteristic or that Mr. Molewski's conduct was sufficiently pervasive or severe, the Court need not determined whether Plaintiff has sufficiently alleged that her employer was directly or vicariously responsible for the behavior. See Miller, 277 F.3d at 1275.

8